**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SRB SERVICING, LLC, etc.,** | ) | **CASE NO. 1:17CV665** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CYNTHIA ALLEN McINTYRE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #24) of Plaintiff, SRB Servicing, LLC, for Leave of Court to File an Amended Complaint Pursuant to Fed.R.Civ.P. 15(a). For the following reasons, the Motion is granted.

**I. BACKGROUND**

Plaintiff, SRB Servicing, LLC ("SRB"), is a Florida limited liability company, successor by assignment from The Huntington National Bank, successor by merger with Sky Bank, successor by merger with The Second National Bank of Warren. SRB originally instituted this action on March 29, 2017, alleging Breach of a Promissory Note and seeking Foreclosure of a Mortgage.

On June 12, 2002, Second National Bank extended a commercial loan to Defendants, Cynthia McIntyre and Stedson McIntyre. The Loan was secured by a Promissory Note in the principal amount of $125,000.00 and by a Mortgage secured by a parcel of real estate known as 650 Clinton Lane, Highland Heights, Ohio 44143.

Second National Bank merged with Sky Bank on July 2, 2004. Sky Bank merged with Huntington National Bank on September 21, 2007. Huntington National Bank transferred the Loan to SRB, by assignment, on September 25, 2009.

On April 6, 2017, Defendant, State of Ohio, Department of Taxation, filed an Answer to the instant Complaint and disclaimed any interest in the Property. (ECF DKT #4). On April 13, 2017, Defendant, Dennis G. Kennedy, Fiscal Officer of Cuyahoga County, Ohio, filed an Answer. (ECF DKT #10). On April 25, 2017, Defendant, Third Federal Savings and Loan Association of Cleveland, filed and Answer and Counterclaim. (ECF DKT #11). On July 3, 2017, Defendants, Cynthia McIntyre and Stedson McIntyre, filed a Motion to Dismiss. (ECF DKT #21).

In its Motion (ECF DKT #24), SRB seeks leave of Court to amend its Complaint to pursue only Foreclosure of the Mortgage and not a money judgment against Defendant, Cynthia McIntyre, on the Promissory Note.

Defendants have filed no opposition.

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The

Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)). The McIntyre Defendants do not charge Plaintiff with bad faith, undue delay or prejudice; although in their briefs in support of dismissal, they contend that the proposed amendments will not cure the defects in SRB's Complaint.

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994). In the instant situation, the Court believes that all of the key factors to be considered weigh in favor of allowing Plaintiff to amend.

Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir.2011).

## III. CONCLUSION

Therefore, the Motion (ECF DKT #24) of Plaintiff, SRB Servicing, LLC, for Leave of Court to File an Amended Complaint Pursuant to Fed.R.Civ.P. 15(a) is granted. Plaintiff shall file its amended pleading on or before January 8, 2018. In view of this ruling, the Motion (ECF DKT #21) of Defendants, Cynthia McIntyre and Stedson McIntyre, to Dismiss is denied.

**IT IS SO ORDERED.**

                                               **s/ Christopher A. Boyko**
                                               **CHRISTOPHER A. BOYKO**
                                               **United States District Judge**

**Dated: December 27, 2017**