UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SRB SERVICING, LLC** | ) | CASE NO. 1:17CV665 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **CYNTHIA A. MCINTYRE, ET AL.** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion to Dismiss by Defendants Cynthia and Stedson McIntyre (ECF DKT # 32). For the following reasons, the Court grants Defendants' Motion to Dismiss in part and denies in part.

According to Plaintiff's Complaint, Plaintiff SRB Servicing, LLC is the holder of a promissory note and mortgage securing the note for Defendants' home. Plaintiff alleges that Defendant Cynthia A. McIntyre failed to make certain payments when due and failed to cure the default. In Count One, Plaintiff alleges Breach of Promissory Note. In Count Two, Plaintiff claims Foreclosure of the Mortgage.

**Background Facts**

Plaintiff's claim concerns a promissory note and accompanying mortgage executed by Cynthia and Stedson McIntyre ("the McIntyres") on June 12, 2002. Compl. ¶ 9-10. In 2001, Stedson McIntyre transferred his interest in the property in question to Cynthia McIntyre through quitclaim deed. Compl. Ex. C. Through a series of bank mergers, the promissory note and mortgage were transferred and assigned to Plaintiff SRB Servicing, LLC ("SRB") on September 25, 2009. Compl. ¶ 20-21. SRB recorded the Assignment of Mortgage in the Office of the Recorder of Cuyahoga County, Ohio on March 1, 2010. Compl. ¶ 22.

On September 22, 2010, SRB filed a Complaint for Foreclosure and Breach of Promissory Note against the McIntyres in the Cuyahoga County Court of Common Pleas. These claims were dismissed by the court without prejudice on May 16, 2011, because a corporate representative of SRB failed to appear at court ordered mediation.

On August 5, 2011, SRB filed a second Complaint for Foreclosure against the McIntyres in the Cuyahoga County Court of Common Pleas. This claim was dismissed by the court without prejudice for lack of standing.

SRB's First Amended Complaint ("FAC") alleges one count against Defendant Cynthia McIntyre for Breach of Promissory Note and one count against the McIntyres for Foreclosure of Mortgage. Plaintiff alleges that Defendant Stedson McIntyre may have an interest in the property by virtue of a right to expectancy of dower. Compl. ¶ 36.

**Defendants' Motion**

Defendants argue that the statute of limitations for both Plaintiff's Breach of Promissory Note and Foreclosure claims began to run on the date that Plaintiff filed its first foreclosure action, September 22, 2010. Therefore, since a six-year statute of limitations

governs promissory notes, Defendants contend that both claims are barred.

Defendants point to over a century of case law in Ohio which holds that a foreclosure action cannot be sustained after the statute of limitations has expired for the promissory note. Defendants also argue that Plaintiff has misinterpreted recent Ohio Supreme Court precedent by construing it as providing a separate, longer statute of limitations for foreclosure claims. *See Deutsche Bank Nat'l Trust Co. v. Holden*, 147 Ohio St.3d 85 (2016). Defendants argue that the holding of that case should only apply to its specific factual context, where the property owners' obligation to pay the promissory note had been discharged in bankruptcy. *See Id.* at 94. Furthermore, Defendants contend that the Eighth District Court of Appeals cases on which Plaintiff relies have misinterpreted the *Holden* case by extending it outside the bankruptcy context.

**Plaintiff's Reply**

Plaintiff appears to concede that the statute of limitations with regard to both claims began to run on September 22, 2010 and that its action for Breach of Promissory Note should be barred by a six-year statute of limitations. However, Plaintiff argues that its Foreclosure claim falls under a longer, eight-year statute of limitations and should not be barred. After *Holden*, actions for breach of promissory note and for foreclosure are considered distinct remedies and therefore fall under different statutes of limitations. The statute of limitations for actions arising under a mortgage, such as foreclosure, is eight years. Plaintiff also points to two Eighth District Court of Appeals cases which have interpreted *Holden*, one of which expanded *Holden* outside of the bankruptcy context. *See U.S. Bank Nat'l Ass'n v. Robinson,* No. 105067, 2017 WL 2817596 (Ohio Ct. App. June 29, 2017); *Bank of New York Mellon v.*

*Walker*, 78 N.E.3d 930 (Ohio Ct. App. 8th Dist. 2017). Plaintiff urges the Court to hold in line with these cases that its Foreclosure claim is governed by a longer statute of limitations than its claim for Breach of Promissory Note and thus, is not barred by any applicable statute of limitations.

## LAW AND ANALYSIS

### Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint

and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Plaintiff's claim for Breach of Promissory Note is barred by the statute of limitations.**

The parties appear to agree that SRB's action for Breach of Promissory Note is barred by the applicable statute of limitations. "An action to enforce the obligation of a party to pay a note payable at a definite time shall be brought... within six years after the accelerated due date [if the due date has been accelerated]." Ohio Rev. Code §1303.16(A) (2018). "[S]ome affirmative action on the part of the lender is required to demonstrate an acceleration," and "[t]he filing of a foreclosure action is such an affirmative action because acceleration is required as a condition precedent to a foreclosure filing." *Walker*, 78 N.E.3d at 935. Since a promissory note is "a note payable at a definite time," a six-year statute of limitations applies to SRB's first claim, Breach of Promissory Note. Here, the due date was accelerated on or before September 22, 2010, when SRB filed its first foreclosure action; therefore, SRB's Breach of Promissory Note claim, filed on March 29, 2017, is barred by the statute of limitations. The Court thus grants Defendants' Motion in part and dismisses Count One of Plaintiff's FAC.

**Does the statute of limitations barring action upon the promissory note also bar Plaintiff's Foreclosure action?**

In Count Two, SRB seeks to foreclose on the McIntyres' property. SRB argues that foreclosure actions are governed by an eight-year statute of limitations. R.C. 2305.06 provides that "an action upon a specialty or an agreement, contract, or promise in writing

5

shall be brought within eight years after the cause of action accrued." Ohio Rev. Code §2305.06 (2018). "A mortgage is a specialty," therefore, SRB argues that its claim for foreclosure arises under a specialty and is thus governed by the longer, eight-year statute of limitations. *Bradfield v. Hale*, 67 Ohio St. 316, 322 (1902). However, the Court notes that R.C. 2305.06 also provides:

> For causes of action that are governed by section 2305.06 of the Revised Code and accrued prior to the effective date of this act [September 28, 2012], the period of limitations shall be eight years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first.

Ohio Rev. Code §2305.06 (2018). The statute of limitations in effect prior to the current act was fifteen years. Ohio Rev. Code §2305.06 (2018). The cause of action accrued when SRB filed its first foreclosure action on September 22, 2010. Therefore, the statute of limitations in this case would expire on September 28, 2020, eight years after the effective date of the current R.C. 2305.06, and not on September 22, 2018 as SRB contends. Since SRB filed its Complaint in this action on March 29, 2017, SRB argues that this action is not barred by any applicable statute of limitations.

For over a century in Ohio, it was "well settled that a mortgage is only a security for the performance of some obligation, and, if that is void, it is of no avail." *Evans v. Beaver*, 50 Ohio St. 190, 191 (1893). Thus, courts have long held that "[w]hen a note is secured by the mortgage, the statute of limitations as to both is the same... in such case, an action for foreclosure and sale cannot be maintained on the mortgage after an action on the note shall be barred by the statute of limitations." *Kerr v. Lydecker*, 51 Ohio St. 240, 254-255 (1894).

However, recent Ohio Supreme Court precedent has called this longstanding rule into

6

question. In *Holden*, the court addressed the question of whether a mortgagee can recover in an action for foreclosure even though the mortgagor's obligations under the promissory note had been discharged in bankruptcy. *See Holden*, 147 Ohio St.3d 85. The court held that actions on a promissory note and actions on a mortgage securing the note are "separate and distinct remedies," and therefore, "when debt on a promissory note secured by a mortgage has been discharged by a bankruptcy court... the holder of the mortgage has standing to foreclose on the property." *Id.* at 86, 94.

*Walker* further expanded this holding. In *Walker*, the bank brought its foreclosure action eight to ten years after the due date was accelerated, and the property owner argued that the bank's claim was barred by the six-year statute of limitations that applies to promissory notes. *See Walker*, 78 N.E.3d at 933. The court held that even if the date of acceleration were over six years ago, the bank could bring a foreclosure claim because it "constitutes a separate action governed by a longer statute of limitations." *Id.* at 939-940. Though "hesitant to extend *Holden* beyond the bankruptcy context," the court found that there was no direct language in *Holden* that would strictly limit its application to bankruptcy cases. *Id.* at 938. Furthermore, the court saw no reason that the *Holden* holding should be limited to bankruptcy, since actions under a promissory note and actions under a mortgage are now "separate and distinct remedies." *See Id.* at 938; *Holden*, 147 Ohio St.3d at 86.

The Court holds that the eight-year statute of limitations under R.C. §2305.06 applies to this case. While it is true that the longstanding rule in Ohio was that an action for foreclosure was barred by the expiration of the statute of limitations governing the promissory note, *Kerr*, 51 Ohio St. at 254-255, *Holden* reversed that rule. *See* 147 Ohio St.3d at 86.

Furthermore, the Eighth District Court of Appeals has extended the logic of *Holden* to a case that is factually similar to this case. *See Walker*, 78 N.E.3d 930. Therefore, the Court holds, in line with *Walker*, that the present foreclosure action, as an action arising under the mortgage rather than the promissory note, is not barred by the expiration of the six-year statute of limitations governing the note.

Therefore, for the foregoing reasons, the Court grants Defendants Cynthia and Stedson McIntyre's Motion to Dismiss with respect to Count One, Breach of Promissory Note, and denies Defendants' Motion with respect to Count Two, Foreclosure.

**IT IS SO ORDERED.**

**DATE: _5/30/2018_**

S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**