# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SRB SERVICING, LLC, etc., | ) | CASE NO. 1:17CV665 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CYNTHIA ALLEN McINTYRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon the Motion (ECF DKT #73) of Defendants Cynthia Allen McIntyre and Stedson R. McIntyre for Summary Judgment and the Motion (ECF DKT #74) of Plaintiff, SRB Servicing, LLC for Summary Judgment against Defendants on the Amended Complaint. For the following reasons, Defendants' Motion is granted, Plaintiff's Motion is denied and the Amended Complaint is dismissed.

## I. FACTUAL BACKGROUND

    On June 12, 2002, Defendants Cynthia and Stedson McIntyre executed a Promissory Note in the principal amount of $125,000, plus interest on any unpaid outstanding principal balance and payable to The Second National Bank of Warren.

    On June 12, 2002, Defendant Cynthia McIntyre executed a Mortgage on the real property known as 650 Clinton Lane, Highland Heights, Ohio 44143 securing the $125,000 Promissory Note. Defendant Stedson McIntyre signed the Mortgage releasing his dower interest in the property. Second National Bank recorded the Mortgage with the Cuyahoga County Recorder on June 19, 2002.

On April 14, 2003 and November 20, 2003, Defendants executed note modifications which amended the interest period.

On July 2, 2004, the Note and Mortgage were transferred to Sky Bank, successor by merger to Second National Bank.

Defendants re-executed and re-acknowledged the Mortgage on July 24, 2006.

On September 21, 2007, the Note and Mortgage were transferred to Huntington National Bank, successor by merger to Sky Bank.

On September 25, 2009, Huntington National Bank assigned the Mortgage to Plaintiff SRB Servicing, LLC without recourse, representations or warranties of any kind. The Assignment was recorded with the Cuyahoga County Recorder on March 1, 2010.

On September 25, 2009, Huntington National Bank assigned the Note to SRB Servicing, LLC pursuant to a Lost Note Affidavit (ECF DKT #29-1 at 31-34). The Affidavit of Huntington Vice President Bobbi Laakso attests that:

> I have reviewed the files of Huntington that are related to the loan to which the Note relates. The files do not contain the original Note, nor, to the best of my knowledge, did they ever contain the Note while in Huntington's possession. It is my belief that the original Note has been lost or destroyed and that the attached copy is a substantial copy of the original.

As of the summer of 2007, Defendant Cynthia McIntyre failed to make full payment of the monthly installments and therefore, was in default under the Note. The unpaid principal amount, current as of September 21, 2009, is $81,857.57. Accrued and unpaid interest amounts to $175,758.01 as of January 12, 2019.

On September 22, 2010, Plaintiff filed a Complaint for Foreclosure and Breach of Promissory Note against Defendants in the Cuyahoga County Court of Common Pleas. These

claims were dismissed by the state court without prejudice on May 16, 2011, because a corporate representative of SRB failed to appear at court-ordered mediation.

On August 5, 2011, Plaintiff filed a second Complaint for Foreclosure against Defendants in the Cuyahoga County Court of Common Pleas. This Complaint was dismissed by the state court without prejudice for lack of standing.

On January 23, 2017, Plaintiff issued a Notice of Default to Defendants and provided them an opportunity to cure the default. Defendants did not cure the default in the time provided.

Plaintiff initiated this federal foreclosure action on March 29, 2017.

Plaintiff's Amended Complaint (ECF DKT #29) originally alleged one count against Defendant Cynthia McIntyre for Breach of the Promissory Note and one count against both Defendants for Foreclosure of the Mortgage. Plaintiff alleged that Defendant Stedson McIntyre may have an interest in the property by virtue of a right to expectancy of dower.

On May 30, 2018, the Court ruled on Defendants' Motion to Dismiss the Amended Complaint based upon the statute of limitations. (ECF DKT #36). Finding that the due date was accelerated on or before September 22, 2010 when SRB filed its first foreclosure action, the Court held that Count I for Breach of the Promissory Note, filed on March 29, 2017, was barred by the six-year statute of limitations. As to the Foreclosure claim in Count II, the Court held that an eight-year statute of limitations governed and thus, Count II was not time-barred.

On January 14, 2019, Defendants filed for summary judgment in their favor, arguing that Plaintiff cannot establish that it is the holder of the Note or the party entitled to enforce

the Note; that Plaintiff cannot establish valid assignments; that Plaintiff cannot establish the amount due; and that laches is an equitable bar to Plaintiff's claims. (ECF DKT #73).

Also on January 14, 2019, Plaintiff filed its Motion for Summary Judgment (ECF DKT #74). Plaintiff contends that it is the legitimate holder of the Note and Mortgage; that Defendant Cynthia McIntyre has failed to pay the indebtedness; and that Defendant's failure to pay is an event of default under the Mortgage which entitles Plaintiff to a judicial decree of mortgage foreclosure.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the

nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Foreclosure**

Under Ohio law, upon a mortgagor's default, the mortgagee may elect among separate, independent remedies. *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540 (1947). The mortgagee may seek a personal money judgment to recover the amount due on the promissory note; may bring an action in ejectment; or may bring a foreclosure action to cut off the mortgagor's right of redemption, marshall and prioritize all liens on the property and sell the property for satisfaction of the primary lien. *Deutsche Bank Nat'l Trust Co. v. Holden*, 147 Ohio St.3d 85, 90-91 (2016).

It is well-established that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are "separate and distinct" remedies. *Carr*, 148 Ohio St. at 540. An action on a promissory note to collect a mortgage debt is an action at law. *Holden*, 147 Ohio St.3d at syllabus. An action to enforce the mortgage lien on the property is an action in equity. *Id*. Therefore, an action to enforce the mortgage lien can go forward even though the statute of limitations on the note has expired. *Kerr v. Lydecker*, 51 Ohio St. 240 (1894); *accord, Bradfield v. Hale*, 67 Ohio St. 316, 325 (1902).

A foreclosure proceeding is the enforcement of a debt obligation. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546 (2009). "Where a promissory note is secured by mortgage, the note, not the mortgage, represents the debt." *Kernohan v. Manss*, 53 Ohio St. 118, 133 (1895). In Ohio, foreclosure is a two-step process. *Fannie Mae v. Hicks*, 35 N.E.3d 37, 43 (2015). "Thus, a determination of liability under the note is a prerequisite to enforcement of the mortgage itself because a mortgage is but an incident to the debt it secures." *Hicks, id.*, citing *Kernohan*, 53 Ohio St. at 133.

A mortgagee must show that it is the holder of the note that establishes the debt in order to foreclose. *Holden*, 147 Ohio St.3d at 92. "[T]here is a significant difference between being a *party that cannot obtain judgment* on the note and being a *party that is not entitled to enforce* the note under R.C. 1303.31(A) (UCC3-301)." (Emphasis in original). *Hicks*, 35 N.E.3d at 43. Thus, a mortgagee "must still demonstrate that it is the party entitled to enforce the note — regardless of whether it can obtain a personal judgment on it." *Holden*, 147 Ohio St.3d at 92.

**Enforcement of lost instrument**

A person not in possession of an instrument is entitled to enforce it when all the prerequisites of R.C. § 1303.38 are satisfied. The version of R.C. § 1303.38 applicable to the dispute at bar recites:

> A party not in possession of an instrument is only entitled to enforce the instrument if all of the following apply :
> (1) **The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.**
> (2) The loss of possession was not the result of a transfer by the person or a lawful seizure.
> (3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process. (Emphasis added).

**<u>Assignment</u>**

It is a long-held principle that "an assignee never stands in any better position than his assignor. He is subject to all the equities and burdens which attach to the property assigned because he receives no more . . . than his assignor." *National City Bank, Northwest v. Columbian Mutual Life Insurance Co.*, No. 3-95cv7430, 2000 WL 1675545 at *4 (N.D. Ohio, W. Div. Sept. 13, 2000), quoting *Septembertide Publ., B.V. v. Stein and Day, Inc.*, 884 F.2d 675, 680-82 (2nd Cir. 1989).

In its Motion for Summary Judgment, Plaintiff contends that it should prevail because it has demonstrated that: (1) Defendants executed the Note and Mortgage in favor of Second National Bank on June 12, 2002; (2) SRB is the owner and holder of the Note and Mortgage by virtue of the Lost Note Affidavit of Huntington National Bank and the 2010 recorded Assignment of Mortgage from Huntington; (3) upon the Mortgagor's default, the entire indebtedness became due and payable; and (4) SRB is entitled to a Decree of Mortgage Foreclosure.

In their Motion for Summary Judgment, Defendants make the argument, among others, that the Lost Note Affidavit is unenforceable as a matter of law. According to the applicable statute, R.C. § 1303.38, a person is entitled to enforce an instrument if the person "was in possession of the instrument and entitled to enforce it when loss of possession occurred." The language of the Lost Note Affidavit (ECF DKT #29-1 at 31-34) provided in connection with the sale and assignment of the McIntyres' Note from Huntington National Bank to SRB Servicing specifically recites that Huntington never possessed the Note. Thus, neither Huntington nor SRB possessed the instrument when loss of possession occurred.

The Court agrees with Defendants' position. First, since Huntington National Bank's files never contained the original Note, Plaintiff received no greater rights to enforce the Note than its assignor had.

Second, although SRB emphasizes the point that it is not seeking to enforce the Note, "[r]ather, SRB is pursuing only one claim for relief, foreclosure of the Mortgage" (ECF DKT #78, at 9, fn. #5), that is immaterial to the Court's analysis. Plaintiff is precluded from obtaining a personal judgment on the Note because the statute of limitations has expired; but Plaintiff must still establish that it is entitled to enforce the Note under the lost note exception.

As Ohio foreclosure jurisprudence dictates, the Court must determine liability under the Note as a prerequisite to enforcement of the Mortgage against Defendants. *Hicks*, 35 N.E.3d at 43-44. Even though Plaintiff cannot obtain judgment on the Note, Plaintiff must be entitled to enforce the Note in order to prevail. *Id*. According to the Lost Note Affidavit, Plaintiff was not in possession of the Note nor entitled to enforce it "when loss of possession occurred" and neither was Huntington National Bank when it assigned all of its rights in the

Note to SRB.

The Court is not empowered to grant Plaintiff a Decree of Foreclosure where Plaintiff cannot prove that it is entitled to enforce the Note. "The note and the mortgage are inseparable; the former essential, the latter incident." *Carpenter v. Longan*, 83 U.S. 271, 274 (1872).

### III. CONCLUSION

Plaintiff has failed to establish its right to enforce the Note and, consequently, the Mortgage. For these reasons, the Motion (ECF DKT #73) of Defendants Cynthia Allen McIntyre and Stedson R. McIntyre for Summary Judgment is granted, the Motion (ECF DKT #74) of Plaintiff, SRB Servicing, LLC for Summary Judgment against Defendants on the Amended Complaint is denied and the Amended Complaint is dismissed. The Trial set for August 26, 2019 and all associated dates are, therefore, cancelled. Plaintiff's Motion to Strike Jury Demand (ECF DKT #93) is denied as moot.

**IT IS SO ORDERED.**

           **s/ Christopher A. Boyko**
           **CHRISTOPHER A. BOYKO**
           **United States District Judge**

Dated: June 11, 2019