UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SRB SERVICING, LLC, etc., | CASE NO. 1:17CV665 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| CYNTHIA ALLEN McINTYRE, et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #66) of Defendants Cynthia and Stedson McIntyre for Fed.R.Civ.P. 11 Sanctions. For the following reasons, the Motion is denied.

## I. BACKGROUND

On June 12, 2002, Defendants Cynthia and Stedson McIntyre executed a Promissory Note in the principal amount of $125,000, plus interest on any unpaid outstanding principal balance and payable to The Second National Bank of Warren.

On June 12, 2002, Defendant Cynthia McIntyre executed a Mortgage on the real property known as 650 Clinton Lane, Highland Heights, Ohio 44143 securing the $125,000 Promissory Note. Defendant Stedson McIntyre signed the Mortgage releasing his dower interest in the property. Second National Bank recorded the Mortgage with the Cuyahoga County Recorder on June 19, 2002.

On April 14, 2003 and November 20, 2003, Defendants executed note modifications

which amended the interest period.

On July 2, 2004, the Note and Mortgage were transferred to Sky Bank, successor by merger to Second National Bank.

Defendants re-executed and re-acknowledged the Mortgage on July 24, 2006.

On September 21, 2007, the Note and Mortgage were transferred to Huntington National Bank, successor by merger to Sky Bank.

On September 25, 2009, Huntington National Bank assigned the Mortgage to Plaintiff SRB Servicing, LLC without recourse, representations or warranties of any kind. The Assignment was recorded with the Cuyahoga County Recorder on March 1, 2010.

On September 25, 2009, Huntington National Bank assigned the Note to SRB Servicing, LLC pursuant to a Lost Note Affidavit (ECF DKT #29-1 at 31-34). The Affidavit of Huntington Vice President Bobbi Laakso attests that:

> I have reviewed the files of Huntington that are related to the loan to which the Note relates. The files do not contain the original Note, nor, to the best of my knowledge, did they ever contain the Note while in Huntington's possession. It is my belief that the original Note has been lost or destroyed and that the attached copy is a substantial copy of the original.

As of the summer of 2007, Defendant Cynthia McIntyre failed to make full payment of the monthly installments and therefore, was in default under the Note. The unpaid principal amount, current as of September 21, 2009, is $81,857.57. Accrued and unpaid interest amounts to $175,758.01 as of January 12, 2019.

On September 22, 2010, Plaintiff filed a Complaint for Foreclosure and Breach of Promissory Note against Defendants in the Cuyahoga County Court of Common Pleas. These claims were dismissed by the state court without prejudice on May 16, 2011, because a

corporate representative of SRB failed to appear at court-ordered mediation.

On August 5, 2011, Plaintiff filed a second Complaint for Foreclosure against Defendants in the Cuyahoga County Court of Common Pleas. This Complaint was dismissed by the state court without prejudice for lack of standing.

On January 23, 2017, Plaintiff issued a Notice of Default to Defendants and provided them an opportunity to cure the default. Defendants did not cure the default in the time provided.

Plaintiff initiated this federal foreclosure action on March 29, 2017.

Plaintiff's Amended Complaint (ECF DKT #29) originally alleged one count against Defendant Cynthia McIntyre for Breach of the Promissory Note and one count against both Defendants for Foreclosure of the Mortgage. Plaintiff alleged that Defendant Stedson McIntyre may have an interest in the property by virtue of a right to expectancy of dower.

On May 30, 2018, the Court ruled on Defendants' Motion to Dismiss the Amended Complaint based upon the statute of limitations. (ECF DKT #36). Finding that the due date was accelerated on or before September 22, 2010 when SRB filed its first foreclosure action, the Court held that Count I for Breach of the Promissory Note, filed on March 29, 2017, was barred by the six-year statute of limitations. As to the Foreclosure claim in Count II, the Court held that an eight-year statute of limitations governed and thus, Count II was not time-barred.

On January 14, 2019, the parties filed Cross Motions for Summary Judgment. (ECF DKT #73 & #74).

On June 11, 2019, the Court ruled in favor of Defendants. (ECF DKT #96). The Court held that Plaintiff was not entitled to enforce the Note. The Court found that neither

SRB nor its assignor, Huntington National Bank, "was in possession of the instrument and entitled to enforce it when loss of possession occurred." (See the Lost Note Affidavit, ECF DKT #29-1 at 31-34 and R.C. § 1303.38).

Now, the Court turns its attention to Defendants' Motion (ECF DKT #66) for Fed.R.Civ.P. 11 Sanctions against Plaintiff, SRB Servicing, LLC, Attorney Michael Palumbo and Gingo Palumbo Law Group LLC. Defendants argue that Plaintiff's Complaint is based on lies, misrepresentations and ineffective documentation.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 11

Rule 11(b) provides in pertinent part as follows:

By presenting to the court a pleading, written motion, or other paper[,] ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> 
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> 
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

* * * *

Pursuant to Rule 11(c):

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is

responsible for the violation.

The standard for Rule 11 determinations is whether the actions are objectively reasonable under the circumstances. *International Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 304 (6th Cir. 2005); *Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir.1986). Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Albright*, 788 F.2d at 1221. A plaintiff is obligated to review his pleadings, "and where appropriate modify them to conform to Rule 11." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988). A good-faith belief in the merits of a case is insufficient to avoid Rule 11 sanctions. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990). The court should inquire if the "pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *In re DeLorean Motor Company v. Allard*, 821 F.2d 649, 1987 WL 37786 at *2 (C.A.6 (Mich.) June 23, 1987), citing *Westmoreland v CBS, Inc.*, 770 F.2d 1168, 1174-75 (D.C. Cir.1985). If the court determines that Rule 11 has been violated, sanctions are mandatory; but the court has "wide discretion" in deciding the extent of those sanctions. *Albright*, 788 F.2d at 1222.

Upon consideration of Defendants' brief and exhibits, as well as Plaintiff's submission in opposition, the Court determines that: (1) Plaintiff's Complaint was not presented for any improper purpose; (2) the claims Plaintiff asserted were warranted by existing foreclosure law; and (3) Plaintiff's factual allegations had evidentiary support.

Through the discovery of emails between SRB representatives and that of Huntington

National Bank, Defendants successfully demonstrated that SRB was extremely careless in the handling of the loan documents central to this litigation. SRB admits that the Allonge attached to the Amended Complaint here was executed on March 16, 2017, effective September 25, 2009, to replace the original Allonge to the Note dated September 25, 2009 that was "inadvertently lost, misplaced or destroyed." Huntington also provided SRB with a replacement Lost Note Affidavit because the September 2009 Lost Note Affidavit was "inadvertently lost, misplaced or destroyed" some time between the second state Foreclosure Lawsuit and this case.

Although the Court is shocked by Plaintiff's cavalier treatment of the McIntyre loan documents, the exhibits to the Complaint in this federal action are replacements for paperwork that was executed in 2009 and that existed during the state court litigation. The documents were not created "out of whole cloth" nor merely to satisfy a conjured timeline. They sufficiently supported Plaintiff's allegation required by the Court's General Foreclosure Order that SRB is the holder of the Note and Mortgage at issue.

Defendants are also critical of SRB's sworn representation that a full accurate copy of the Note was maintained in the ordinary course of business; when in fact, the Note attached to the Lost Note Affidavit is partial only — missing signatures and the second page. Defendants argue that Plaintiff knew that it could not enforce the Note. Defendants are not wrong to point out the glaring deficiencies in the attached Note. However, more importantly, the Court has ruled that the Lost Note Affidavit was not enforceable because neither SRB nor Huntington National Bank had the Note when loss of possession occurred per R.C. § 1303.38. (Opinion and Order, ECF DKT #96). The Court determined as a matter of law that SRB was not

entitled to enforce the Note and that it could not prevail in the foreclosure proceeding. *Id.* This is a failure under the law and not a violation of Fed.R.Civ.P. 11.

Defendants also outline Plaintiff's delays and alleged lack of cooperation in the discovery process. Defendants emphasize discovery deficiencies and charge that Plaintiff's 30(b)(6) witness was not completely forthcoming about interactions with Huntington regarding the Lost Note Affidavit and the Allonge which was allegedly destroyed between the state actions and this suit. However, the Court has reviewed the docket and finds that discovery was extended on several occasions, ultimately until December 14, 2018. The charged conduct was never brought to the Court's attention and Defendants never filed a motion to compel. While this behavior, if true, is not to be condoned; it does not rise to the level justifying dismissal and an award of fees calculated from the onset of the captioned action.

Finally, Defendants should not lose sight that it was they who initially defaulted their obligations to pay under the loan. Only by Plaintiff's failure to follow the proper legal and procedural dictates did Defendants escape financial responsibility.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #66) of Defendants Cynthia and Stedson McIntyre for Fed.R.Civ.P. 11 Sanctions is denied.

**IT IS SO ORDERED.**

Date: **June 18, 2019**

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
**United States District Judge**